UNITED STATES of America,
Plaintiff,

and

Randy Harshman, Plaintiff–Appellant,

v.

ALCAN ELECTRICAL AND ENGINEERING, INC.; Arctic Electric, Inc.; Baranof Electrical Co., Inc.; Bright Electric; City Electric, Inc.; Coastline Electrical; Cochran, Inc.; Diamond Electric Company, Inc.; Ed's Electric, Inc.; Electric, Inc.; Fullford Electric, Inc.; Grasle and Associates, Inc.; Hot Wire Electric, Inc.; Interior Electric, Inc.; Island Electric, Inc.; Marshall's Electric; Norcon, Inc.; Redi–Electric; Signal Communications, Inc.; Skyline Electric; Star Electric, Inc.; 3–Way Electric of Alaska, Inc., Defendants–Appellees.

No. 98–35194

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1999

Filed Oct. 7, 1999

Charles S. Holden, San Francisco, California, for the plaintiff-appellant.

Kevin M. Morford, Jensen, Garretson, Verrett & Morford, Anchorage, Alaska, for defendants-appellees 3–Way Electric, Inc., Alcan Electrical & Engineering, Inc., Arctic Electric, Inc., Baranof Electrical Co., Inc., Bright Services (dba Bright Electric), City Electric, Inc., Cochran Electric, Inc., Diamond Electrical Company, Ed's Electric, Inc., Electric, Inc, Fullford Electric, Inc., Grasle & Associates, Inc., Hot Wire Electric, Inc., Signal Communications, Skyline Electric, Inc., Star Electric, Inc., and Redi Electric, Inc. Rosanne M. Jacobsen, Eide & Miller, Anchorage, Alaska, for defendant-appellee Norcon, Inc.

Before: HUG, Chief Judge, TROTT, and TASHIMA, Circuit Judges.

TASHIMA, Circuit Judge:

The relator Randy Harshman appeals the district court's dismissal of his qui tam action against 22 electrical contractors doing business in Alaska ("Defendants"), alleging that they violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33. The district court dismissed the action for lack of subject matter jurisdiction under the "public disclosure bar" of 31 U.S.C. § 3730(e)(4)(A), because Harshman had disclosed these allegations in a previously proposed complaint lodged with the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

Harshman is a member of Local 1547 of the International Brotherhood of Electrical Workers ("IBEW") in Alaska. On March 12, 1996, Harshman filed an application with the district court for leave to file a suit against union officials for, *inter alia,* misusing union funds and retaliating against Harshman for exercising his free speech rights. He attached a proposed complaint (*"Brooks* complaint") to his application. That complaint alleged:

> (8) Local 1547 has conspired with local contractors, through its Work Recovery Program, to deduct certain sums from the Union members' paychecks, (2.5% of gross wages), who were working on State and Federally funded projects, and then remit these funds back to the contractor in violation of Federal Law, specifically the Davis–Bacon Act and the Copeland Act, and in violation of AS 36.05.010. Plaintiff is informed and believes that there is no accounting of these funds. These illegal deductions from union members' paychecks, from 1988 to 1992 total, according to union documents, $1,700,273.00. Said Work Recovery Program is still in effect.

*Brooks* Complaint at 5–6. The complaint was lodged, but not filed, with the district court on March 12, 1996. It was not under seal. The district court found that the *Brooks* complaint was therefore available to the public upon request.

On April 2, 1996, Harshman filed this qui tam action under seal. He alleges that

Defendants violated the FCA by submitting false statements to the United States that they were paying prevailing wage rates to their employees, when in actuality they were deducting 2.5 percent from gross wages. Defendants transferred these withheld funds to the IBEW. The IBEW then placed the money in a Work Recovery Fund, which it used to pay Defendants, thereby lowering Defendants' labor costs. Harshman claims that this scheme violates the Copeland Act, 18 U.S.C. § 874,[1] the Davis–Bacon Act, 40 U.S.C. §§ 276a–276a–7,[2] and federal regulations. He contends that Defendants' certifications to the federal government that they had complied with these laws constituted false claims under 31 U.S.C. § 3729 because the payments for these jobs were derived in part from federal funds.[3]

Defendants allege that they withheld the funds for the "Electrical Quality Improvement Fund," which is required by a collective bargaining agreement. The collective bargaining agreement is an "Inside Agreement," which means that it generally applies only to electrical work done inside structures. Harshman did "outside" work and was not covered by this agreement. Defendants further assert that these sorts of job targeting programs are common throughout the United States.

Eighteen of the Defendants brought a motion to dismiss the case for lack of subject matter jurisdiction, contending that Harshman had publicly disclosed the allegations of his FCA claim in the *Brooks* complaint and that Harshman was not an "original source" under 31 U.S.C.

§ 3730(e)(4)(A). The district court granted the motion to dismiss and subsequently entered a judgment of dismissal as to all Defendants.[4] Harshman filed a timely notice of appeal.

## II. Standards of Review

The district court's decision to dismiss Harshman's suit for lack of jurisdiction is reviewed de novo. *See United States ex rel. Aflatooni v. Kitsap Physicians Servs.*, 163 F.3d 516, 520 (9th Cir. 1999). "The district court's findings of fact relevant to its determination of subject matter jurisdiction are reviewed for clear error." *United States ex rel. Biddle v. Board of Trustees of the Leland Stanford, Jr. Univ.*, 161 F.3d 533, 535 (9th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1457, 143 L.Ed.2d 543 (1999). The question of "[w]hether a particular document triggers the statutory bar" is a mixed question of law and fact reviewed de novo. *United States ex rel. Lindenthal v. General Dynamics Corp.*, 61 F.3d 1402, 1409 n. 9 (9th Cir.1995).

## III. Discussion

Jurisdiction over qui tam actions is limited by the FCA:

[n]o court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the ac-

1. 18 U.S.C. § 874 makes it a crime to use force or intimidation to induce a person employed in the construction or repair of a building financed with federal funds to give up part of the compensation to which he or she is contractually entitled. *See* 18 U.S.C. § 874 (1999).

2. 40 U.S.C. § 276a requires that prevailing wages be paid to workers employed for the construction, alteration, or repair of federal buildings. *See* 40 U.S.C. § 276a (1999).

3. We express no opinion on whether these allegations state a claim under the FCA.

4. The granting of the motion to dismiss was conditioned on the government's consenting thereto. The judgment of dismissal was not entered until after the government gave its consent.

tion is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). An "original source" is defined as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B).

■ Harshman, as the qui tam plaintiff, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Biddle*, 161 F.3d at 540. The FCA sets up a two-part test. First, we must determine whether the district court correctly concluded that the *Brooks* complaint constituted a "public disclosure" of the "allegations or transactions" upon which Harshman's FCA suit is based. 31 U.S.C. § 3730(e)(4)(A). Only if the answer to the first question is in the affirmative will we proceed to the second inquiry, whether Harshman is an "original source" under § 3730(e)(4)(B).

## A. The Public Disclosure Provision

Harshman raises several arguments as to why his inclusion of the allegations in the *Brooks* complaint did not constitute public disclosure. We address these arguments in turn.

### 1. The Fact that the *Brooks* Complaint Did Not Identify Defendants by Name

■ Harshman first argues that the allegations in the *Brooks* complaint do not constitute public disclosure because the complaint did not identify Defendants. The *Brooks* complaint states:

Local 1547 has conspired with local contractors, through its Work Recovery Program, to deduct certain sums from the Union members' paychecks, (2.5% of gross wages), who were working on State and Federally funded projects, and then remit these funds back to the

contractor in violation of Federal Law. . . .

*Brooks* Complaint at 5–6. Only one of the current Defendants, City Electric, Inc., was a defendant in the *Brooks* case. We find Harshman's argument unpersuasive.

In *Aflatooni*, we were faced with a similar issue. Aflatooni brought a qui tam action raising two different sets of allegations. *See Aflatooni*, 163 F.3d at 519 n. 6. Before filing the action, Aflatooni disclosed some of his allegations against certain defendants ("NDI Defendants") to the news media, but he did not disclose any of the allegations against other defendants ("PAKC Defendants"). *See id.* at 521–22. The issue for this Court was "whether the disclosure of the allegations against the NDI Defendants should trigger the public disclosure bar with respect to the PAKC Defendants." *Id.* at 522. The PAKC Defendants argued that because Aflatooni alleged a large conspiracy in his complaint, the allegations he disclosed to the media rendered his claims publicly disclosed as to all of the defendants. *See id.* We rejected this argument because the allegations against the two groups of defendants were distinct. *See id.* at 522–23. Implicit in this analysis is the proposition that Aflatooni's disclosures could have constituted public disclosure with respect to all of the defendants despite the failure specifically to name the PAKC Defendants, if the disclosures had encompassed his allegations against them.

We also find other circuits' opinions, addressing facts similar to the case at bar, persuasive. In *United States ex rel. Fine v. Sandia Corp.*, 70 F.3d 568 (10th Cir. 1995) ("*Sandia*"), Fine brought a qui tam action against Sandia, which operates one of nine multi-program national laboratories owned by the United States and operated by private or university contractors under the Department of Education's ("DOE") administrative oversight, for misappropriating nuclear waste funds in violation of federal law. *See id.* at 569. A General Accounting Office report and a congres-

sional hearing discussed this general practice by the national laboratories but did not mention Sandia specifically. *See id.* at 569–70. The court held that the jurisdictional bar was triggered:

> [b]ecause these disclosures detailed the mechanics of the practice, revealed that at least two of Sandia's eight sister laboratories were engaged in it, and indicated the DOE's acquiescence, we conclude that they sufficiently alerted the government to the likelihood that Sandia would also "tax" nuclear waste funds in the future.

*Id.* at 571. In other words, the prior public disclosures contained enough information to enable the government to pursue an investigation against Sandia. *See id.*

The District of Columbia Circuit also addressed this issue in *United States ex rel. Findley v. FPC–Boron Employees' Club,* 105 F.3d 675 (D.C.Cir.1997), *cert. denied,* 522 U.S. 865, 118 S.Ct. 172, 139 L.Ed.2d 114 (1997). Findley charged the defendant with retaining money earned in vending machines on federal property that was owed to the government. *See id.* at 678. The practice of government employees' clubs retaining this income had been disclosed in a Comptroller General Opinion, in the legislative history of a federal statute, and in a lawsuit litigated in the Federal Circuit. *See id.* at 679. What Findley added to these disclosures was the identity of one of these employees' clubs. *See id.* at 687. The court said, "[l]ittle similarity exists between combing through the myriad of transactions performed [for example] by the various defense contractors in search of fraud and finding easily identifiable federal employee organizations that provide vending services on federal property." *Id.* at 687. The court concluded that "because relator Findley's complaint merely echoes publicly disclosed, allegedly fraudulent transactions that already enable the government to adequately investigate the case and to make a decision whether to prosecute, the public disclosure bar applies." *Id.* at 688.

Here, the *Brooks* complaint alleged a narrow class of suspected wrongdoers— local electrical contractors who worked on federally funded projects over a four-year period. The electrical contractors in question were required by statute to file certified payrolls with the government on a weekly basis.[5] In this regard, the instant case is similar to *Sandia,* in that the government, as regulator and owner, presumably would have ready access to documents identifying those contractors. This ready access makes it highly likely that the government could easily identify the contractors at issue. Thus, the district court did not err in concluding that the allegations in the *Brooks* complaint were sufficient to constitute a public disclosure.

**2. Harshman's Other Arguments**

■ Harshman raises a number of other unpersuasive arguments as to why the *Brooks* complaint did not constitute public disclosure. First, he argues that the allegations in the complaint were insufficiently detailed to constitute public disclosure because the allegations did not mention the FCA and did not include details of the violations.

■ These arguments are without merit. An allegation need not include an express reference to the FCA to constitute a public disclosure. *See Hagood v. Sonoma County Water Agency,* 81 F.3d 1465, 1474 (9th Cir.), *cert. denied,* 519 U.S. 865, 117 S.Ct. 175, 136 L.Ed.2d 116 (1996); *see also Sandia,* 70 F.3d at 572.

■ In a similar vein, Harshman's argument that the allegations in the *Brooks* complaint did not constitute public disclosure because they did not plead facts alleging FCA liability also fails. Specifically, Harshman contends that the allegations did not mention any overcharging, false-invoicing, false certification, or any other specific fraud on the government. As not-

---

5. *See* 40 U.S.C. § 276c.

ed above, however, fraud need not be explicitly alleged to constitute public disclosure. *See Hagood,* 81 F.3d at 1473, 1474 n. 14. Further, allegations divorced from the information upon which they are based can constitute public disclosure. *See Wang ex rel. United States v. FMC Corp.,* 975 F.2d 1412, 1418 (9th Cir.1992).

■ Harshman argues that even if the *Brooks* complaint constituted a public disclosure, his qui tam suit is not "based upon" the allegations in the *Brooks* complaint because his suit is based on his own information. We rejected this argument in *Biddle* when we held that a qui tam complaint filed after allegations have been publicly disclosed is, by definition, "based upon" the publicly disclosed information, even if the plaintiff made the disclosure. 161 F.3d at 540. Harshman tries to distinguish *Biddle* by arguing that, unlike Biddle, he is not a government auditor who aired his allegations on national television. That is, because the allegations in Harshman's case were buried in an unfiled complaint, presumably unknown to the government, his information was more valuable to the government than Biddle's well-publicized allegations. Harshman's attempt to distinguish *Biddle* fails because in that case we did not limit our analysis to information the government is likely to learn.

■ Harshman next contends that the *Brooks* complaint was not a "hearing," as required by § 3730(e)(4)(A), because it was only a lodging of a proposed complaint. Harshman raises this argument on appeal for the first time in his reply brief; therefore, the issue is waived and we need not consider it. *See Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990).

■ In any event, the argument is without merit. Disclosures made in the context of litigation may be publicly disclosed for purposes of § 3730(e)(4)(A), even if they are not the subject of a hearing. *See United States ex rel. Stinson v. Prudential Ins. Co.,* 944 F.2d 1149, 1157, 1159–60 (3d Cir.1991); *see also United States ex rel. Barajas v. Northrop Corp.,* 5 F.3d 407, 409 (9th Cir.1993).

Therefore, because there has been a "public disclosure" and the *Brooks* complaint put the government on notice of the alleged FCA violation, Harshman must demonstrate that he is an "original source." 31 U.S.C. 3730(e)(4)(A).

**B. Harshman as an "Original Source"**

To be an "original source," a plaintiff must have "direct and independent knowledge of the information on which the allegations are based," and "voluntarily provided the information to the Government before filing an action." 31 U.S.C. § 3730(e)(4)(B).

■ It is undisputed that Harshman voluntarily provided the government with his information before he filed this action. Further, Harshman's knowledge was "independent" because it preceded the public disclosure in the *Brooks* complaint. *See Aflatooni,* 163 F.3d at 525. Harshman also " 'had a hand in the public disclosure of allegations that are a part of [his] suit,' " a third requirement for "original source" status. *United States ex rel. Devlin v. California,* 84 F.3d 358, 360 n. 3 (9th Cir. 1996) (quoting *Wang,* 975 F.2d at 1418).

■ Therefore, the key issue is whether Harshman has "direct" knowledge of the alleged fraud. We have framed the inquiry as follows: the relator "must show that he had firsthand knowledge of the alleged fraud, and that he obtained this knowledge through his 'own labor unmediated by anything else.' " *Aflatooni,* 163 F.3d at 525 (quoting *Devlin,* 84 F.3d at 361).

The district court found that Harshman is not an "original source" because his knowledge of the facts underlying his allegations is second-hand and because his investigation merely added a legal name to describe the alleged circle of facts. On appeal, Defendants argue that Harshman has failed to establish that he is an "original source" because his allegations are

based exclusively on certain documents for which he cannot identify the source.

The district court found that Harshman had failed to demonstrate that he has first-hand knowledge of the alleged fraud. In his affidavit offered in support of his opposition to the motion to dismiss for lack of jurisdiction, Harshman averred that he

> became aware of the "Work Recovery Program" administered and concocted by Local 1547 of the International Brotherhood of Electrical Workers, through [his] status of a member of Local 1547 and knew about it well before [he] obtained any documents which were submitted by [him] to the Federal Court in this case and the IBEW case.

Harshman Aff. ¶ 1.

However, Harshman's status as a member of the union does not explain how he became aware of the Work Recovery Program. According to Harshman's deposition, only general union dues have been withheld from his paycheck, not job targeting dues; he has not signed an authorization form allowing job targeting dues; he has never participated in the negotiating, drafting, or implementation of the Inside Agreement; and he does not allege that he played any role in submitting false claims to the government. As the district court noted, "most everyone in Local 1547 knew of the work recovery program," and "all plaintiff added by way of his investigation was a legal name to describe the alleged circle of facts."

 Therefore, we are left with Harshman's mere assertion that he learned of the alleged fraud due to his status as a member of the union. Because this assertion is insufficiently specific to determine that Harshman learned of the allegations first-hand, the district court did not clearly err in finding that Harshman was not an "original source" under 31 U.S.C. § 3730(e)(4).[6]

## IV. Conclusion

Harshman has failed to demonstrate that the allegations making up his FCA claim were not previously publicly disclosed or that he is an "original source." Accordingly, the district court's dismissal for lack of subject matter jurisdiction under 31 U.S.C. § 3730(e)(4)(A) is

**AFFIRMED.**

---

6. Harshman also argues that if jurisdiction is lacking, we should remand the case to the district court for consolidation with his suit against the union officials. Where jurisdiction is lacking, however, it cannot be created by consolidation. We thus reject the suggestion.